IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$182,620 IN UNITED STATES CURRENCY,

    Defendant.

Case No. 3:19-CV-823-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Relief from Entry of Default and Seeking Permission to File a Verified Answer and Proof of Claim filed by Claimants Avadis Mgerian and Salpi Aussou (Doc. 17). With this motion, Claimants ask the Court to set aside the Clerk's Entry of Default (Doc. 12) and grant them permission to file a verified answer and verified claim forms.

The $182,620 in United States currency at issue in this civil forfeiture case was seized on October 30, 2018, in Madison County, Illinois, during a traffic stop on a 2014 Freightliner semi-truck driven by Mgerian. The funds were seized upon reasonable suspicion that the money was furnished or intended to be furnished by a person in exchange for a controlled substance, or proceeds traceable to such an exchange, or money used to facilitate a violation of 21 U.S.C. § 801 *et seq.* (Doc. 1-1).

The United States instituted this civil judicial forfeiture action against the $182,620 in United States currency on July 29, 2019 (Doc. 1). The United States transmitted a Direct

Notice of Civil Judicial Forfeiture to Mgerian and his attorney, Tom Stanley, by regular and certified mail on July 31, 2019 (Doc. 4). The Clerk of Court entered a warrant for arrest of articles *in rem* the same day (Doc. 5). The warrant was served on August 8, 2019, and the return was filed on August 13, 2019 (Doc. 6). The United States then published a Notice of Civil Forfeiture on the official government website, www.forfeiture.gov, for 30 consecutive days beginning August 1, 2019, and filed proof of publication on December 9, 2019 (Doc. 8-1).

Pursuant to the direct notice of forfeiture, potential claimants had until September 14, 2019, to file a claim (Doc. 4). The notice published on www.forfeiture.gov allowed potential claimants until October 1, 2019, to file a claim (Doc. 8-1). No claims were filed. Accordingly, the Clerk of Court entered default against Mgerian and all interested parties on December 9, 2019 (Doc. 12).

On January 8, 2020, the United States moved for entry of a judgment and decree of forfeiture (Doc. 15). The United States mailed a copy of the entry of default, the motion for entry of judgment and decree of forfeiture, and the proposed judgment and decree to Mgerian and his new attorney, Jilbert Tahmazian, on January 8, 2020 (Doc. 16).

The following day, Claimants filed the pending motion for relief from entry of default (Doc. 17). In the motion and accompanying affidavit, Claimants state that their previous attorney, Tom Stanley, had been an attorney for more than 50 years. Despite assurances that "everything would be okay," Attorney Stanley was in ill health due to cardiology-related issues and effectively abandoned the case without filing a timely claim (Doc. 17 at pp. 16-17).

According the Government's response, counsel had multiple discussions with Attorney Stanley prior to the entry of default. The Government and Stanley agreed to multiple extensions of the claim period, with the final period expiring on November 27, 2019. No claim was ever filed.

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c), which provides that "the court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). A party wishing to have entry of default vacated prior to entry of a default judgment must show: (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of University of IL,* 473 F.3d 799, 810 (7th Cir. 2007). A meritorious defense is one that raises a "serious question" about the propriety of a default judgment and "is supported by a developed legal and factual basis." *United States v. $10,000.00 in U.S. Funds*, 52 F.3d 329 (7th Cir. 1995); *see also Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.").

"Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case."). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, where relief under Rule 60(b) is more "limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

While the Seventh Circuit no longer disfavors default judgments, it should not be "a ready response to all litigant misbehavior." *Comerica Bank v. Esposito*, 215 F. App'x 506, 508 (7th Cir. 2007) (quoting *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995)). Instead, district courts should examine whether the defaulting party "exhibited a willful refusal to litigate the case properly," the "proportionality of the sanction" to the conduct, and the "choice of a default judgment over other available sanctions." *Id.* (citations omitted); *see also* 10A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2685 (1998) (courts should examine the dollar amount involved, the nature of the default, prejudice to the plaintiff, and whether the delay is excusable).

Here, Mgerian has attested that he and his wife, Salpi Aussou, were in frequent contact with Attorney Stanley, who told them not to worry about the case and that he was making progress with the Assistant United States Attorney (Doc. 17 at p. 16). On the last day for filing a claim, Attorney Stanley told Mgerian "don't worry we will get extensions." (*Id.*). And while Attorney Stanley occasionally mentioned his health issues, he routinely assured Mgerian that he was working on everything and that things "would be okay." (*Id.* at p. 17). Thus, the Court finds that Claimants were willing to litigate the case properly, but were inhibited by an ill attorney who abandoned his duties. Therefore, Claimants have shown there is good cause for vacating the entry of default. *See Comerica Bank*, 215 at 509 (district courts abuse their discretion when they enter default judgment knowing the litigant's default is the result primarily of his attorney's neglect).

Moreover, within one day of the Government moving for default judgment, Claimants moved to have the entry of default set aside. Thus, they took "quick action to

correct the default." *See Sun*, 473 F.3d at 810.

Finally, Claimants have asserted the existence of a possibly meritorious defense to the complaint. Mgerian has attested that there was a legitimate source for the money found in the cabin of the Freightliner, *i.e.*, that it was withdrawn from Claimants' bank account for the purpose of bidding at a real estate auction (Doc. 17 at pp. 14-15). Mgerian made this same statement to Officer Jason Wolf in St. Clair County, Illinois, at the time of the seizure (Doc. 1-1). Thus, this possibly meritorious defense is supported by the factual record.

Because Claimants have met the requirements under Rule 55(c), and because the sanction of default judgment would be prejudicial to Claimants who have demonstrated a desire and intent to actively litigate this action with a competent attorney, the Court **GRANTS** the Motion to Set Aside Default (Doc. 17) and **VACATES** the Clerk's entry of default (Doc. 12). The Court further **GRANTS** Claimants until **February 20, 2020**, to file a verified answer and proof of claim.

**IT IS SO ORDERED.**

DATED:   February 18, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**